IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| TESHA WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:07-0623 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States' Motion to Dismiss for Failure to Prosecute (Document No. 28.), filed on July 12, 2010. On July 13, 2010, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising her of the right to file a Response to the United States' Motion to Dismiss for Failure to Prosecute. (Document No. 30.) Plaintiff has failed to file a Response to the United States' Motion to Dismiss for Failure to Prosecute. Accordingly, the undersigned finds that the United States' Motion to Dismiss for Failure to Prosecute should be granted.

## FACTUAL AND PROCEDURAL HISTORY

On October 5, 2007, Plaintiff, acting *pro se*,[1] filed a Complaint alleging liability of the Warden of FPC Alderson and the Director of the Federal Bureau of Prisons under the Federal Tort Claims Act [FTCA], 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671, *et seq*., for the negligent acts and omissions of persons responsible for maintaining the manhole covers at FPC Alderson.[2] (Document

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Based solely upon a review of Plaintiff's Complaint and attachments, the undersigned finds that Plaintiff appears to have properly exhausted her administrative remedies as to the above claim.

No. 1.) Plaintiff allegedly sustained injuries on April 1, 2006, when Plaintiff fell into a manhole as a result of a manhole cover braking. (Id.) As a result of the fall, Plaintiff alleges that she sustained the following injuries: (1) Sprained her left ankle; (2) Bruised her left rib area; (3) Pulled muscles in her back; (4) Had a swollen left knee; (5) Bruised her right leg; and (6) Suffered mental anguish. (Id., pp. 10 - 11.) Plaintiff requests the following relief: "I would like to be awarded 1 million dollars for pain and suffering along with payment for future issues stemming from the accident." (Id., p. 5.)

By Order entered on July 16 2009, the undersigned granted Plaintiff's Application to Proceeding Without Prepayment of Fees and ordered the Clerk to issue a Summons requiring the United States to file an Answer or otherwise respond to Plaintiff's Complaint.[3] (Document No. 7.) By Notice filed on July 30, 2009, Plaintiff voluntarily withdrew her Complaint as to Warden Hickey and the Director of the Federal Bureau of Prisons, and named the United States as the Defendant. (Document No. 11.) On August 20, 2009, the United States filed its Answer to Plaintiff's Complaint. (Document No. 14.) By Order and Notice entered on September 2, 2009, the District Court set forth specific dates on which certain events must occur. (Document No. 15.) On October 26, 2009, this Court conducted a Scheduling Conference and entered a Scheduling Order. (Document Nos. 19 and 20.) During the Scheduling Conference, the parties consented "to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment." (Document Nos. 19, 21, and 23.) On July 12, 2010, the United States filed a Motion

---

(Document No. 1, pp. 3 and 8.)

[3] Claims of liability for personal injury may be filed against the United States under the FTCA but may not be asserted against federal officials or employees individually. Therefore, the undersigned proposed that Plaintiff file a document upon receipt of the Order and Notice voluntarily withdrawing her Complaint only to the extent that it named the Warden and Director of the Federal Bureau of Prisons as defendants. (Document No. 7, p. 2.)

*in Limine* (Document No. 26.) and Motion for View (Document No. 27.).

On July 12, 2010, the United States also filed a Motion to Dismiss for Failure to Prosecute and Memorandum in Support. (Document Nos. 28 and 29.) The United States argues that Plaintiff's Complaint should be dismissed because she "has failed to comply with the deadlines set by the court for initial disclosures, settlement meeting, Fed. R. Civ. P. 26(a)(3) disclosures, and plaintiff's portion of the pretrial order." (Document No. 28, p. 2.) The United States contends that "Plaintiff's failure to abide by the court's orders or to have them modified for good cause is a failure to prosecute which should result in the dismissal of this action." (Id.) On July 13, 2010, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising her of the right to file a response to the United States' Motion to Dismiss for Failure to Prosecute. (Document No. 30.) By Order entered on July 26, 2010, the Court noted that Plaintiff's Response was due on or before July 30, 2010, and directed that the Pretrial and Final Settlement Conference and Bench Trial be continued pending resolution of the United States' Motion to Dismiss for Failure to Prosecute. (Document No. 35.) Plaintiff has failed to file a Response.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[4] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

---

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff. The United States asserts as follows:

In this action plaintiff is *pro se* so that her degree of personal responsibility is absolute. The United States is prejudiced by plaintiff's failure to comply with the court's orders. The United States had no documentary or witness disclosure on what damages plaintiff will claim and how she will prove them. All the United States knows is that plaintiff's administrative tort claim seeks $100,000 in compensation. The Docket Sheet reveals that plaintiff has not participated in this litigation since the scheduling conference on October 26, 2009. With a trial date set for August 19, 2010, the only less drastic sanction would be to dismiss this action without prejudice which the United States would not oppose.

(Document No. 29, p. 2.) Thus, it appears that the last date Plaintiff took action in the above case

4

was December 14, 2009, when she filed an executed "Consent to Jurisdiction By A United States Magistrate Judge" dated December 6, 2009. (Document No. 23.) Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court finds that the United States has been prejudiced. According to the United States, "Plaintiff has failed to comply with the deadlines set by the court for initial disclosures, settlement meeting, Fed. R. Civ. P. 26(a)(3) disclosures, and plaintiff's portion of the pretrial order." (Document No. 28, p. 2.) Accordingly, the United States has been prejudiced by Plaintiff's failure to comply with the Court's Scheduling Order.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's total failure to respond or take action since December 14, 2009. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's issuance of Roseboro Notice advising Plaintiff of her right to file a response to the United States' Motion to Dismiss for Failure to Prosecute (Document No. 30.).[5] Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for her failure to prosecute.

Based on the foregoing, it is hereby **ORDERED** that the United States' Motion to Dismiss for Failure to Prosecute (Document No. 28.) is **GRANTED**, the United States' Motion *in Limine*

---

[5] There is no indication that the Court's Orders were returned as undeliverable.

(Document No. 26.) and Motion for View (Document No. 27.) are **DENIED as moot**, Plaintiff's Complaint is **DISMISSED without prejudice** (Document No. 1.), and this matter is removed from the Court's docket. The Clerk is directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and deliver a copy to counsel of record.

    ENTER: September 21, 2010.

                                             R. Clarke VanDervort
                                             United States Magistrate Judge